# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

## PARTIES

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into on the last day set forth on the signature page ("Effective Date") by Luis Carlos Verdecias ("Borrower" or "Plaintiff"), on the one hand, and BSI Financial Services ("BSI" or "Defendant"), on the other hand (Plaintiff and Defendant are collectively referred to herein as the "Parties" and individually sometimes referred to as "Party,") for the purpose of resolving by compromise settlement all claims, liabilities, and disputes arising out of the dispute between these Parties.

## RECITALS

This Agreement is entered into by the above parties with acknowledgment of and reference to the following facts:

A. WHEREAS, on or about December 31, 2008, Borrower executed a promissory note ("Note") to obtain a loan in the amount of $92,282.00 ("Loan,") in favor of Citizens Community Bank secured by a Deed of Trust ("Mortgage") encumbering Borrower's real property commonly known as 3718-3720 N Sherman, Milwaukee, WI 53216 ("Property"). (The Note, Mortgage, and associated origination documents are collectively referred to as the "Loan Documents," setting forth the terms of the "Loan.")

B. WHEREAS, BSI is the current servicer of the Loan, which is identified with by the Loan Number 1461514194.

C. WHEREAS, certain disputes have arisen between Borrower and BSI regarding the Loan and/or the Property.

D. WHEREAS, each Party to this Agreement is fully apprised of the facts set forth in these Recitals and of the facts and contentions raised in the Action, and in all other aspects of the dispute between or among the Parties, whether pleaded or not, and possibilities of each action and matter described herein.

E. WHEREAS, each Party denies all allegations, claims and defenses made by the other Party in the Action.

F. Notwithstanding the above, solely in order to avoid the cost, delay and uncertainty of further disputes, the Parties desire to compromise and settle all disputes and claims which exist or which may exist between and among them arising out of the facts, matters, and events set forth above, without admitting any liability and settle their rights and obligations in connection with the Loan Documents.

## AGREEMENTS, RELEASES, AND PROMISES

THEREFORE, in consideration of the facts and general release and promises contained

herein, and for other good and valuable consideration, the sufficiency and receipt of which is acknowledged by each Party hereto, the Parties promise and agree as follows:

1. **Payment of Settlement Funds:** In exchange for the Borrower's release of claims, BSI agrees to pay the Borrower the sum of $75,000.00. The funds shall be payable to the Law Office of Rollie R. Hanson, S.C. Trust Account within thirty (30) days of (a) the Effective Date or (b) the date upon which the Borrower delivers to BSI a completed W-9 form, whichever is later.

2. **Confidentiality:** The Parties and their attorneys represent, warrant and agree that the terms and contents of this Agreement and all information and evidence elicited or exchanged during the Action and in negotiating this Agreement are and shall be treated as confidential and shall not be disclosed, in any way used or described or characterized to any other person or entity except as follows: (a) Borrower may only disclose the contents or terms of the Agreement to his accountants and other tax preparers, to the Internal Revenue Service, to his attorneys, or if otherwise compelled by a court of law; (b) BSI may disclose the contents or terms of the Agreement under the same circumstances, to governmental entities to which BSI reports, or as otherwise required in the normal course of its business. This confidentiality provision and agreement is a material term of this Agreement, breach of which the Parties hereby agree will cause the Parties irreparable harm. If Borrower or Borrower's attorneys are required by an appropriate order of a competent court to disclose the terms of this Agreement to individuals other than those set forth above, Borrower shall notify BSI's counsel, in writing, at least fifteen (15) days prior to such disclosure.

3. **Non-Disparagement:** Borrower agrees not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, slander, or in any way criticize the personal or business reputation, practices, or conduct of BSI, its employees, directors, officers and predecessors in interest. Borrower acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, social media (including but not limited to Facebook, Twitter, LinkedIn and Google), investors, potential investors, any board directors or advisory board or directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and clients. Borrower understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph may be a material breach of this Agreement, and that BSI would be irreparably harmed by violation of this provision. The Released Parties agree not to, through trickery, deception or entrapment, induce the Borrower into a violation of the foregoing paragraph.

4. **Release by Borrower:** Except for the obligations and rights expressly set forth and reserved in Paragraph 8 of this Agreement, in consideration of the recitals, covenants and agreements set forth in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, upon the Effective Date of this Agreement, Borrower, for and on behalf of himself/herself and his/her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through him/her (collectively, the "Releasors") hereby unconditionally, irrevocably,

forever and fully releases, acquits, and forever discharges BSI, and its predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the Loan and their predecessors, heirs or successors in interest and assigns, and each of them (the "Releasees"), of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in law or equity, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Action, the Property, the Note, <u>the Mortgage, or the Loan.</u> The Borrower also specifically waives and releases any right of rescission under the federal Truth in Lending Act ("TILA") and any other claims they may have, whether known or unknown, fixed or contingent, under TILA, the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement and Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), or their implementing regulations, or any corresponding state law statute or provision concerning the Note, the Mortgage, the Loan, and/or the Action. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the execution of this Agreement.

5. **Release of Unknown Claims:** The Borrower acknowledges and agrees that he/she may hereafter discover facts different from, or in addition to, those facts known to him/her or which he/she now believes to be true with respect to any and all of the claims, demands, actions, causes of action, suits, liens, debts, obligations, damages, liabilities, judgments, costs, expenses, and fees (including reasonable attorney's fees) existing on the effective date of this Agreement. The Borrower nevertheless agrees that the releases set forth herein have been negotiated and agreed upon, notwithstanding such acknowledgment and agreement, and hereby expressly waives any and all rights which he/she may have under any federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of execution. The Borrower understands and acknowledges the significance and consequences of this waiver and assumes full responsibility for any and all damages, losses, costs, and expenses he/she may incur hereafter as a result of any of the facts, matters, and events referred to in the Recitals set forth above.

6. **Release Limitations:** This Agreement does not release: (1) claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement; (2) any future disputes between Borrower and BSI, including its successors and assigns, which arise out of or relate to the Parties' continuing relationship as mortgagor and mortgagee; and (3) BSI and the beneficiary of the Loan's (including their successors' and assigns') rights under the Note, the Mortgage, or the Loan, including the right to foreclose in the

3

event of the Borrower's default, except for those rights expressly referenced in paragraphs 2 and 3 above.

7. **Warranties and Representations:** The Parties hereto warrant and represent that (a) he, she, or it is the sole owner of all rights, claims, damages, actions, causes of action, suits and defenses, as the case may be, at law or in equity, he, she, or it has or may have or that were asserted or could have been asserted in the action, and (b) he, she, or it has not assigned, transferred, conveyed, or purported to assign, transfer, or convey to any person or entity any right, claim, action, cause of action, suit (at law or in equity), defense, demand, debt, liability, account, or obligation herein released, or any part thereof, or which would, absent such assignment, transfer or conveyance, be subject to the releases set forth in this Agreement.

8. **Acknowledgments:** Each of the Parties acknowledge and agree that:

    a. This Agreement is entered into and executed voluntarily by each of the Parties hereto and without any duress or undue influence on the part of, or on behalf of, any such Party.

    b. Each of the Parties hereto has been represented by counsel of its/their own choice, or has had the opportunity to be represented by counsel and to seek advice in connection with the negotiations for, and in the preparation of, this Agreement and that he, she, or it has read this Agreement and that he, she or it is fully aware of its contents and legal effects. All Parties who are representing themselves are warned to obtain the advice of an attorney before signing this Agreement.

    c. The drafting and negotiation of this Agreement has been undertaken by all Parties hereto and their respective counsel. For all purposes, this Agreement shall be deemed to have been drafted jointly by all of the parties hereto with no presumption in favor of one party over another in the event of any ambiguity.

9. **Tax Consequences:** This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the modifications and payments set forth in this Agreement reflect the settlement of disputed legal claims and that BSI makes no representations regarding the Agreement's tax consequences. Borrower, however, specifically agrees that he is solely responsible for any and all taxes, interest and penalties due and owing, if any, should the modifications, payments or any portion thereof, be taxable.

10. **Compromise of Disputed Claims:** It is understood and agreed that this Agreement is the compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each released Party expressly denies any liability or responsibility whatsoever.

11. **Severability:** If any of the provisions of this Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions shall not be affected thereby.

**12. Binding Effect:** This Agreement shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective administrators, representatives, successors, and assigns.

**13. Governing Law:** This Agreement shall be governed by the laws of the State of Wisconsin and any question arising hereunder shall be construed or determined according to such law.

**14. Further Assurances:** The Parties agree to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such form as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement, including but not limited to, the execution, filing or recording of any reporting documents, affidavits, deeds or agreements. The Parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other Party or Parties to secure the intended benefits of this Agreement.

**15. Counterparts:** This Agreement may be executed by the Parties in any number of counterparts, including by way of facsimile, and each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

**16. Integration Clause:** This Agreement contains the entire agreement between and among the Parties hereto, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between or among them relating to the subject matter of this Agreement. This Agreement may not be amended orally, nor shall any purported oral amendment (even if accompanied by partial or complete performance in accordance therewith) be of any legal force or effect or constitute an amendment of this Agreement, but rather this Agreement may be amended only by an agreement in writing signed by the parties.

**17. Time Is Of The Essence:** Time is of the essence with respect to the performance of any and all provisions of this Agreement.

**18. Headings and Captions:** The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has executed this Agreement on the date set forth opposite his, her, or its name below. **The undersigned hereby certify that they have read and fully understand all of the terms, provisions, and conditions of this Agreement and have executed this Agreement voluntarily.**

Date: May ___, 2022     By: _____
                            Luis Carlos Verdecias

Date: May ___, 2022     By: _____
                            BSI Financial Services
                            TITLE:

5