IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Luis C. Verdecias
3718-3720 N Sherman Blvd.
Milwaukee, WI 53216

      Plaintiff,

Case No. 20-cv-01776-NJ

v.

BSI Financial Services
1425 Greenway Drive, Suite 400
Irving, TX 75038

      Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR SANCTIONS**

Defendant, BSI Financial Services, by its attorney Marinosci Law Group, P.C., hereby responds to the Plaintiff's Motion to Enforce Settlement Agreement and Request for Sanctions. For the reasons discussed below, the Defendant, hereby moves the court to deny the motion and strike inadmissible statements from the record.

### Argument

**I. A Settlement Agreement is a Contract and is Governed by Contract Law.**

A settlement agreement is a contract and is governed by the traditional requirements for contracts. *American Nat. Prop. and Cas. Co. v. Nersesian,* 2004 WI App 215. *See also Degerman v. S.C. Johnson & Son, Inc.*, 875 F. Supp. 560, 562 (E.D. Wis. 1995); *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, P13 n.8, 257 Wis. 2d 421, 651 N.W.2d 345; 66 Am. Jur. 2d *Release* § 7 (2001). Because a settlement agreement is a contract, a valid settlement agreement

requires an offer, acceptance, and consideration, all resulting from a meeting of the minds. *Id* at 1. To be enforceable a contract must be definite as to its material terms and requirements. A contract must be certain as to the parties' basic commitments and obligations. *Management Comput. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 178, 557 N.W.2d 67 (1996). "Accordingly, vagueness or indefiniteness concerning a material term prevents the creation of an enforceable contract." *Paul R. Ponfil Trust v. Charmoli Holdings, LLC*, 2019 WI App 56, 389 Wis. 2d 88, 935 N.W.2d 308, 311 (Wis. Ct. App. Sept. 18, 2019).

In *Paul R. Ponfil Trust v. Charmoli Holdings, LLC,* the court addressed the enforceability of a purported settlement agreement entered into by the parties at the end of mediation, in which the parties agreed to sign a separate agreement. At the conclusion of mediation the two parties reached a deal to settle their case in full. They prepared and signed a handwritten one page "Mediated Settlement Agreement" to memorialize the deal. The agreement provided that the defendant would pay the plaintiff $500,000 within thirty days, the parties would exchange quitclaim deeds for the two properties at issue, and upon payment and conveyance of the properties, the lawsuit between the parties would be dismissed on the merits. The parties agreed to sign a separate substantive agreement. Following mediation, the parties exchanged drafts of the agreement but were ultimately unable to agree on a written agreement. As a result, the plaintiff moved to enforce the settlement and to assist the parties with drafting a settlement agreement. The circuit court granted the plaintiff's enforcement motion, finding that the parties had entered into a binding settlement at mediation, but ordered the parties to return to mediation to work out the terms of the agreement. The Wisconsin Court of Appeals reversed and instead threw out the parties' Mediated Settlement Agreement. The majority held that the agreement to later develop a separate substantive agreement was a material term and that without such an agreement the parties did not

have an enforceable settlement. *Paul R. Ponfil Trust v. Charmoli Holdings, LLC*, 2019 WI App 56, 389 Wis. 2d 88, 935 N.W.2d 308 (Wis. Ct. App. Sept. 18, 2019).

In *Am. Nat'l Prop. & Cas. Co. v. Nersesian* the court addressed whether a binding or complete contract existed where it was part of the understanding between the parties that a settlement was to be followed by a formal contract containing additional material provisions and be signed by the parties. The case involved the plaintiff's insured who was injured in an automobile accident involving another driver. After lengthy negotiations, counsel for the defendants had written a letter to the plaintiff expressing a willingness to settle the claim for a total of $17,725.00 upon execution of another document containing material provisions. The plaintiffs' insured received the two checks for the agreed upon amount and signed the document, however, he neither presented the checks for payment nor delivered the signed document to the insurance company. A short time thereafter the plaintiff communicated an unwillingness to accept the offer at that time. The court found that the mere issuance of the checks and delivery of the release to the driver did not effect a contract. By its plain language, the offer was conditioned on the execution and return of the release to the insurance company. The court stated:

> Where, as here, it is part of the understanding between the parties that preliminary writings are to be followed by a formal contract containing additional material provisions and signed by the parties, no binding or completed contract will be found. *See Milwaukee Med. Coll. v. Marquette Univ.*, 208 Wis. 168, 170-71, 242 N.W. 494 (1932) (where during preliminary negotiations it is understood that a formal written agreement is to be signed, no contract is entered into); *Goldstine v. Tolman*, 157 Wis. 141, 155-56, 147 N.W. 7 (1914) (writings will not be construed as a contract when intended only as preliminary negotiations to be followed by a formal contract containing other material provisions); *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 816 (7th Cir. 1987) ("Even if parties agree, point by point, on all the terms of a contract, if they understand that the execution of a formal document shall be a prerequisite to their being bound there is no contract until the document is executed."

*Am. Nat'l Prop. & Cas. Co. v. Nersesian,* 2004 WI App 215, P19, 277 Wis. 2d 430, 442-443, 689 N.W.2d 922, 928 (Wis. Ct. App. 2004).

The circumstances surrounding this case are much like those in *Paul R. Ponfil Trust v. Charmoli Holdings, LLC* and *Am. Nat'l Prop. & Cas. Co. v. Nersesian.* Here the Plaintiff and Defendant negotiated a settlement amount in mediation. After mediation the parties exchanged drafts of proposed settlement agreements. However, the parties could not agree to the material terms of the agreement and were sent back to mediation to try and come to a resolution. The parties however reached an impasse over one of the proposed terms. Ultimately, there was no mutual assent on the terms and therefore no contract was created. Plaintiff provides no authority to enforce a settlement agreement with indefinite terms. Simply put, there is no enforceable contract.

**II. A Settlement Agreement Must be Made in Writing.**

Under Wisconsin law an agreement is not binding "unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney." Wis. Stat. §807.05. The statute is clear, it requires that in order for any agreement or stipulation between the parties to be binding it must be made in court and entered in the minutes; recorded by the court reporter; *or made in writing and subscribed by the party or the party's attorney who is to be bound.* [Emphasis added.] *Oostburg State Bank v. United Savings & Loan.*, 372 NW 2d 471 (Wis. Ct. App. 1985); *Wilharms v. Wilharms,* 93 Wis. 2d 671, 675, 287 N.W.2d 779, 782 (1980); *Adelmeyer v. Wis. Elec. Power Co.*, 400 NW 2d 473 (Wis. Ct. App. 1986). In instances where a party does not actually sign the settlement paperwork, the mediated settlement

will not comply with the Wisconsin Statutes. *Affordable Erecting, Inc. v. Neosho Trompler, Inc.,* 2006 WI 67, 291 Wis. 2d 259, 715 N.W.2d 620 (2006).

In *American Cas. Co. v. Western Cas. & Surety Co.,* settlement negotiations were commenced after an action was initiated that led to an oral agreement to settle the action. However, no written agreement was made. The trial court granted Western Casualty's summary judgment dismissing the action and the supreme court affirmed. The court stated the agreement clearly did not conform to the essential requirements that make an agreement binding. *American Cas. Co. v. Western Cas. & Surety Co.,* 19 Wis. 2d 176, 120 N.W.2d 86 (1963).

In the Plaintiff's Motion to Enforce Settlement Agreement and Request for Sanctions, the Plaintiff acknowledges the settlement has not been finalized. The opening paragraph of the Plaintiff's Motion states the Plaintiff asks the court to order Defendant to "finalize the Settlement". In paragraph 8, Plaintiff references an "attempt to come to a resolution and final written memorialization of the Agreement". In closing the Plaintiff "requests an order from the Court to compel the Defendant to complete the Settlement Agreement" and states the Defendant refused "to complete the Settlement Agreement". All of these examples show that Plaintiff is well aware that in order to have a binding agreement it must be in writing and subscribed to by the parties and/or their counsel. As this requirement has not been, there is not a binding agreement.

### III. Settlement Negotiations Are Not Admissible.

It is well established that compromise offers and negotiations are not admissible. Federal Rule of Civil Procedure 408 says:

> Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or a statement made during compromise negotiations about the claim...

Likewise, Wis. Stat. §904.08 states in relevant part:

> Evidence of furnishing or offering or promising to furnish, or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

This is also echoed in Wis. Stat. §904.085:

> [N]o oral or written communication relating to a dispute in mediation made or presented in mediation by the mediator or a party is admissible in evidence or subject to discovery or compulsory process in any judicial or administrative proceeding. Any communication that is not admissible in evidence or not subject to discovery or compulsory process under this paragraph is not a public record under subch. II of ch. 19.

The purpose of these rules is to promote public policy which favors compromise and settlement of disputes. These rules encourage the parties to explore settlement options without fear that their case will be compromised if mediation efforts fail and the dispute is later litigated. To allow settlement negotiations to be admissible would discourage parties from trying to make peace for fear it may be seen as an admission of fault. It can also lead to the disqualification of the attorneys involved in the action. The Committee Notes to FRCP 408 state:

> Moreover, proof of statements and offers made in settlement would often have to be made through the testimony of attorneys, leading to the risks and costs of disqualification. *See generally Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992) (settlement offers are excluded under Rule 408 even if it is the offeror who seeks to admit them; noting that the 'widespread admissibility of the substance of settlement offers could bring with it a rash of motions for disqualification of a party's chosen counsel who would likely become a witness at trial').

For all of the reasons discussed above, no settlement agreement was reached in this matter. Therefore, the Plaintiff's submission is nothing more than inadmissible settlement negotiations. The Plaintiff's disclosure of settlement negotiations prejudices the Defendant in future litigation

of this matter as it may be seen as an admission of fault or an indication of what the matter is valued at. Defendant would request these statements be stricken from the record.

**IV. Sanctions Are Inappropriate in This Action.**

Pursuant to both Wis. Stat. § 802.05(3) and FRCP 11(c), a party who wishes to seek sanctions must immediately serve a motion for sanctions on an alleged offending party. The motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates the Rule. That motion is not to be filed or presented to the court until 21 days after service. The idea is to provide notice to the alleged offending party and for them to have an opportunity to respond.

Sanctions in this action are inappropriate for a number of reasons. First, Plaintiff did not follow any of the requirements laid out in Wis. Stat. § 802.05(3) or FRCP 11(c). Plaintiff did not serve a 21 day notice on the Defendant; Plaintiff did not give the Defendant time to respond to the notice; Plaintiff did not wait until that time period had expired to file its motion with the court; nor did Plaintiff file it as its own separate motion.

Second, Plaintiff did not describe any conduct on behalf of the Defendant that would be sanctionable. As discussed above, the parties could not agree on terms and therefore there is no agreement. Plaintiff's main argument is that it cannot have terms forced upon it, likewise, neither can the Defendant. Defendant has in good faith made attempts to find a middle ground to reach a settlement agreement. However, settlement requires give and take. When only one side has given and the other has taken there can be no meeting of the minds. For these reasons sanctions are not appropriate.

### V. Supreme Court Rule 20:5.6, Restrictions on Right to Practice, is Not Applicable to This Case.

The Defendant will not spend significant time addressing this contention as it is not applicable to the facts of this case; further it is a moot point when no contract exists. Supreme Court Rule 20:5.6 states:

> A lawyer shall not participate in offering or making: (a) a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or (b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.

This rule prohibits restricting the right of a lawyer to practice law after the conclusion of a professional relationship or prohibits a lawyer from representing other persons in connection with settling a claim.

Attorney Hanson is mistaken in his application of the rule. No reasonable reading of the proposed agreement or Supreme Court Rule would lead to Attorney Hanson's conclusion. The confidentiality clauses proposed, simply asked that the existence and terms of the proposed settlement agreement not be discussed with individuals outside of the parties to this action. This provision did not seek to restrict Attorney Hanson from the practice of law in any way. This is not an ethical concern, as presented, it is instead a tactic to try and get more money from the Defendant. With the right compensation Attorney Hanson was willing to sign the agreement with the clause intact. If it was a true ethical concern, no amount of financial compensation should change his position.

### Conclusion

For the formation of a contract there must be a meeting of the minds. The agreement must be definite as to its material terms and requirements and be subscribed to by the parties involved. These requirements have not been met in this case. Still Plaintiff brought this frivolous motion in

an attempt to force settlement. Further, counsel for the Plaintiff seeks additional attorney's fees for their bringing of this frivolous motion. The Defendant would ask the court to deny both their Motion to Enforce Settlement Agreement and Request for Sanctions. Additionally, Defendant, would request the court award it attorney's fees for having to respond to this frivolous motion and any other just and equitable relief this Court deems appropriate.

Dated: October 7, 2022

                                                    Respectfully Submitted,

By: *[signature: Sara Schmeling]*

                                                    Sara Schmeling
Attorney, Marinosci Law Group, P.C.
SBN No.: 1086879
16535 W. Bluemound Rd., Suite 333
Brookfield, WI 53005
Telephone: 414-831-9729
Facsimile: 920-221-7719
E-mail: MLGWisconsin-ALL@mlg-defaultlaw.com