# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS C. VERDECIAS,

    Plaintiff,

    v.          Case No. 20-CV-1776

BSI FINANCIAL SERVICES,

    Defendant.

## DECISION AND ORDER ON VERDECIAS' RULE 59 MOTION

Luis Verdecias filed a complaint against Servis One, Inc. d/b/a BSI Financial Services ("BSI") asserting various claims related to the servicing of his mortgage loan. The second amended complaint alleges BSI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, Wis. Stat. §§ 224.77(L), (k) and (m), breached the note and mortgage contract, and committed conversion.

On October 11, 2024, I entered an order denying Verdecias' Partial Motion for Summary Judgment and granting, in part, BSI's Motion for Summary Judgment dismissing Verdecias' FDCPA and RESPA claims for lack of standing. (Docket # 117.) Verdecias was ordered to establish subject matter jurisdiction over his remaining state law claims by October 25, 2024. (*Id.*) Verdecias filed the present Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e) and requested an extension to establish jurisdiction pending the Court's ruling on his Motion. (Docket # 118, Docket # 120.) For the reasons further explained below, the motion is denied.

## LEGAL STANDARD

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 654 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

## ANALYSIS

Verdecias sued BSI under §§ 1692e and 1692f of the FDCPA alleging BSI engaged in illegal debt collection practices by attempting to collect a debt not owing, sending false statements, and wrongly stating his mortgage loan was in foreclosure. Verdecias further alleged that BSI failed to conduct a reasonable investigation into his mortgage account and did not provide accurate and complete responses to his multiple requests for information in violation of RESPA. Verdecias also asserted various state law claims. I previously found that Verdecias lacked standing under the FDCPA and RESPA because he failed to establish a concrete injury fairly traceable to the alleged violations. (Docket # 117.) Verdecias challenges

the standing determination, and contends the prior decision overlooked the fact that he incurred actual economic damage, in addition to emotional distress, as a result of BSI's misconduct.

   1. *FDCPA*

To establish standing, the plaintiff must demonstrate an (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "As the litigation progresses, the way in which the plaintiff demonstrates standing changes." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020). Once the litigation reaches the summary judgment stage, the plaintiff must establish standing by "'set[ting] forth' by affidavit or other evidence 'specific facts,' that, taken as true, support each element of standing." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Verdecias rehashes many of the same arguments previously rejected. He maintains that his damages consist of the missing funds from his escrow account, the payment of fees that were discharged during his bankruptcy action, and the emotional distress stemming from being incorrectly told his mortgage was subject to foreclosure and that he owed a debt he did not lawfully owe. I previously rejected these arguments because Verdecias failed to establish how the alleged FDCPA violations resulted in the claimed injuries or how he suffered a concrete harm from BSI's false and misleading communications.

For instance, Verdecias did not allege the FDCPA violations caused him to pay extra money, affected his credit, or otherwise led him to pursue a different course of action. *See Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146, 1154 (7th Cir. 2022) (finding standing where a debt collector's violations caused plaintiff's credit score to decline); *Lavelle v. Med-1 Solutions,*

3

*LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019) (standing established where failure to provide required disclosures placed debtor at "distinct disadvantage" in collection action against her). Here, Verdecias cannot show how the specific FDCPA violations caused his alleged money damages because the mismanagement of his escrow preceded the violations. In short, it is unclear how the FDCPA violations caused the claimed illegal retention of his escrow funds.

Rather, Verdecias' response to the foreclosure notices caused him to dispute the debt and perhaps contact a lawyer for advice. These are not cognizable harms. *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022). The Seventh Circuit has explained that while "acting to one's detriment due to confusion may be enough to establish standing," retaining counsel does not. *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020); *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 639 (7th Cir. 2023). Verdecias' claims of emotional distress are also insufficient to establish standing. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021).

Verdecias also alleges he incurred out-of-pocket expenses from faxing correspondence to BSI and disputing the debt. However, if this were sufficient to establish standing, then standing would be guaranteed each time a plaintiff received a letter violating the FDCPA. *Ebaugh v. Medicredit, Inc.*, 2024 WL 1194476, at *1 (E.D. Mo. Mar. 20, 2024). In any event, Verdecias did not claim he suffered postage and faxing expenses in relation to his FDCPA claim when opposing BSI's motion for summary judgment. Rather, he focused on the alleged misapplication of funds in his escrow. *Caisse*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). While Verdecias disagrees with my previous determination, he has not shown a manifest error of law or fact.

*2. RESPA*

Verdecias also argues he has standing under RESPA because BSI's responses to his requests for information were inadequate to address the underlying issues associated with his escrow account.

"[T]he injury requirement for standing overlaps with the injury requirement under [RESPA]." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016). In other words, "the injury must be 'actual,' both for standing purposes and for purposes of the statute." *Id.* A plaintiff cannot recover under RESPA for bare procedural violations. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059 (7th Cir. 2018).

Verdecias argues he has standing under RESPA because he suffered economic harms due to BSI's failure to provide adequate responses to his qualified requests for information. The specific damages he claims are the misapplication of his escrow account and missing funds. But these damages do not flow from any alleged RESPA violation. Rather, they relate to issues that preceded Verdecias' requests for information. Therefore, even assuming BSI provided inadequate responses, any purported harms Verdecias suffered as a result of BSI's non-compliance remain unclear. I previously rejected these identical arguments. (Docket # 117, at 8–10.)

Lastly, Verdecias argues his out-of-pocket expenses for faxing and mailing his requests for information establish standing. This assertion was previously rejected. (*Id.*) "This theory would allow a borrower to create a RESPA claim that pulls itself by its own bootstraps, creating the required damages by pursuing the inquiry . . . ." *Moore*, 908 F.3d at 1059; *see also Diedrich*, 839 F.3d at 593. Accordingly, reconsideration is not warranted on this ground. Verdecias' motion is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Verdecias' Motion to Alter Judgment (Docket # 118) is **DENIED**.

**IT IS FURTHER ORDERED** that Verdecias has until March 21, 2025 to establish whether this Court has jurisdiction over his remaining state law claims.

Dated at Milwaukee, Wisconsin this 11th day of March, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge